UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE | ) | |
| GROUP A/S/O SMI CRANKSHAFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 C 8674 |
| | ) | |
| NAVISTAR INC., ODW LOGISITICS, | ) | |
| INC., and LANDSTAR LIGON, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motions of Defendants Landstar Ligon, Inc. ("Landstar") and Navistar International Corporation ("Navistar") (collectively "Defendants") each to dismiss one count of the second amended complaint of Plaintiff Mitsui Sumitomo Insurance Group a/s/o SMI Crankshaft, Inc. ("Mitsui Sumitomo") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motions are granted.

## BACKGROUND

The following well-pleaded allegations are derived from Mitsui Sumitomo's second amended complaint, and the Court accepts them as true and draws all reasonable inferences in favor of Mitsui Sumitomo for purposes of the instant motion. Navistar is engaged in the business of truck production. Mitsui Sumitomo is an

insurance provider, and SMI Crankshaft, Inc. ("SMI") is its insured. SMI sold crankshafts to Navistar for use in engines. Navistar contracted with Landstar to pick up the crankshafts from SMI's facility. Navistar provided packaging for the crankshafts for shipping purposes. Landstar delivered the crankshafts to a warehouse contracted by Navistar and owned by ODW Logistics, Inc. ("ODW").

This arrangement went off without a hitch until July 27, 2011. On that day, Navistar discovered that many of the crankshafts in a shipment had sustained damage, and Navistar shipped many of these back to SMI. SMI replaced 121 crankshafts, thereby incurring costs for replacement parts, inspecting, repair, and additional freight charges.

On February 14, 2014, Mitsui Sumitomo filed a second amended complaint against Defendants and ODW. The complaint contains two counts against Defendants: (i) a claim for negligence under state law; and (ii) a claim pursuant to the Carmack Amendment to the Interstate Commerce Act of 1887 (the "Carmack Amendment"), 49 U.S.C. § 14706. On February 27, 2014, Navistar moved to dismiss Count I of the complaint (the negligence claim) pursuant to Federal Rule of Civil Procedure 12(b)(6), and Landstar followed suit the next day with respect to Count II (the negligence claim).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d

673, 678 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendants are liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

## DISCUSSION

### I.      Landstar's Motion

Defendants contend that the state-law negligence claims should be dismissed because the Carmack Amendment preempts them. Mitsui Sumitomo has contested Navistar's motion but has not responded to Landstar's. This Court respectfully declines "to do [Mitsui Sumitomo's] research and try to discover whether there might be something to say against [Landstar's] reasoning." *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). *Kirksey* does, however, command that a court be given plausible reasons for dismissing a complaint (or, as in the present case, a portion of one) where a plaintiff fails to respond to a motion to dismiss. *See id.* at 1041. The Court thus will analyze the plausibility of Landstar's motion.

The Carmack Amendment governs the liability of common carriers with respect to the loss of or damage to interstate shipments of goods. *N. American Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). As such, "[t]he Carmack Amendment generally preempts separate state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods." *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). The term "carrier" is defined as "a water carrier, a motor carrier, or a freight forwarder." 49 U.S.C. § 13102(3). Mitsui Sumitomo alleges that Landstar transported the crankshafts from SMI's facility to the warehouse owned by ODW and contracted by Navistar. Landstar thus served as a "carrier" as defined by the plain language of the statute. The Court therefore concludes that Landstar has presented an eminently plausible reason for dismissal of the state-law negligence claim, and the Court grants Landstar's motion.

## II. Navistar's Motion

Mitsui Sumitomo has responded to Navistar's motion, arguing, *inter alia*, that Navistar is not a carrier as defined under the Carmack Amendment but rather a customer of SMI. This averment is belied by Mitsui Sumitomo's complaint, which alleges that Navistar is a carrier. Mitsui Sumitomo attempts to rescue its negligence claim by contending that Navistar is only a carrier for purposes of the count brought pursuant to the Carmack Amendment. The Court is unpersuaded by this assertion, however, for the complaint does not contain an alternative assertion that Navistar is

not a carrier. In other words, Mitsui Sumitomo's response to Navistar's motion contradicts the plain language of the complaint.

Mitsui Sumitomo also suggests that Navistar was negligent in the design of the packaging in which the crankshafts were shipped. Navistar was a mere packager, not a carrier, according to Mitsui Sumitomo. This argument fails based on the statutory definition of transportation contained in the Carmack Amendment. The term is defined as "equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use" and "services related to that movement, including arranging for, receipt, delivery, . . . transfer in transit, . . . handling, *packing*, [and] unpacking[.]" 49 U.S.C. § 13102(23)(A) and (B) (emphasis added). Mitsui Sumitomo alleges that Navistar was negligent in terms of the packaging of the crankshafts. Even if there were design deficiencies, this conduct falls squarely within the definition of transportation under the Carmack Amendment. The negligence claim is thus preempted.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Doc no. [25], [29]) are granted as to Counts I and II. In Court ruling set for 4/24/2014 is stricken. Status set for 4/10/2014 at 9:30 a.m.

_____
Charles P. Kocoras
United States District Judge

March 26, 2014
Dated: _____

- 5 -